John M. Naylor
Nevada Bar No. 5435
Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(t) (702) 420-7000
(f) (702) 420-7001
jnaylor@naylorandbrasterlaw.com
jbraster@naylorandbrasterlaw.com

Attorneys for Midland Funding, LLC
and Midland Credit Management, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MYRIAM ALMARAZ,<br><br>        Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC, and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>        Defendant. | Case No. 2:15-cv-00012<br><br>**STIPULATION TO AMEND ANSWER**<br>**AND ORDER** |

Pursuant to FRCP 15(a)(2), the parties hereby stipulate and agree to allow Defendants Midland Funding, LLC and Midland Credit Management, Inc. to amend their answer and file the First Amended Answer attached hereto as Exhibit 1.

Dated this 13th of March, 2015.

NAYLOR & BRASTER

By: /s/ Jennifer L. Braster
    John M. Naylor
    Nevada Bar No. 5435
    Jennifer L. Braster
    Nevada Bar No. 9982
    1050 Indigo Drive, Suite 112
    Las Vegas, NV 89145

Attorneys for Midland Funding, LLC
and Midland Credit Management, Inc.

Dated this 13th of March, 2015

KAZEROUNI LAW GROUP, APC

By: /s/ Danny J. Horen
    Danny J. Horen
    Nevada Bar No. 13153
    7854 W. Sahara Avenue
    Las Vegas, Nevada 89117

Attorneys for Plaintiff Myriam Almaraz

**IT IS SO ORDERED.**

_____
Gloria M. Navarro, Chief Judge
United States District Court
**DATED: 03/17/2015**

# EXHIBIT 1

John M. Naylor
Nevada Bar No. 5435
Jennifer L. Braster
Nevada Bar No. 9982
NAYLOR & BRASTER
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(t) (702) 420-7000
(f) (702) 420-7001
jnaylor@naylorandbrasterlaw.com
jbraster@naylorandbrasterlaw.com

Attorneys for Midland Funding, LLC
and Midland Credit Management, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MYRIAM ALMARAZ,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC, and MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:15-cv-00012<br><br>**FIRST AMENDED ANSWER** |

Midland Funding, LLC ("MF") and Midland Credit Management, Inc. ("MCM") (collectively "Defendants") answer the Complaint as follows:

1. Answering paragraph 1, Defendants admit that the Fair Debt Collection Practices Act ("FDCPA") was enacted as 15 U.S.C. § 1692 *et seq*. Defendants deny Plaintiff's characterization of the FDCPA and the statute speaks for itself. Except as specifically admitted, Defendants deny all remaining allegations in paragraph 1.

2. Defendants deny the allegations in paragraph 2.

3. Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 3 and therefore deny them.

4. Answering paragraph 4, Defendants admit Plaintiff has alleged a violation of the FDCPA. Except as specifically admitted, Defendants deny all remaining allegations in paragraph 4.

5.   Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 5 and therefore deny them.

6.   Defendants deny the allegations in paragraph 6.

7.   Defendants deny the allegations in paragraph 7.

8.   Answering paragraph 8, Defendants admit federal question jurisdiction exists as this case arises out of an alleged violation of the FDCPA. Except as specifically admitted, Defendants deny all remaining allegations in paragraph 8.

9.   Answering paragraph 9, Defendants admit Plaintiff has alleged Defendants violated the FDCPA. Defendants expressly deny they violated the FDCPA. Except as specifically admitted, Defendants deny all remaining allegations in paragraph 9.

10.   Answering paragraph 10, Defendants admit MF is registered with the State of Nevada as a foreign limited-liability company and MCM is registered with the State of Nevada as a foreign corporation. Except as specifically admitted, Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the remaining matters alleged in paragraph 10 and therefore deny them.

11.   Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 11 and therefore deny them.

12.   Answering paragraph 12, Defendants admit that MCM has acted as a debt collector as defined by 15 U.S.C. § 1692a(6). Defendants lack knowledge and information sufficient to form a belief as to whether MCM acted as a debt collector with respect to Plaintiff and therefore deny the same. Except as specifically admitted, Defendants deny all remaining allegations in paragraph 12.

13.   Answering paragraph 13, Defendants admit MCM services MF's accounts. Except as specifically admitted, Defendants deny the allegations in paragraph 13.

14.   Answering paragraph 14, Defendants admit MCM services MF's accounts. Except as specifically admitted, Defendants deny the allegations in paragraph 14.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

15.    Answering paragraph 15, Defendants admit MCM services MF's accounts. Except as specifically admitted, Defendants deny the allegations in paragraph 15.

16.    Defendants deny the allegations in paragraph 16.

17.    Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 17 and therefore deny them.

18.    Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 18 and therefore deny them.

19.    Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 19 and therefore deny them.

20.    Defendant MF denies that it conducts business in the State of Nevada. Defendant MCM denies that it conducts business in the State of Nevada, except and exclusively through the means of interstate commerce.

21.    Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 21 and therefore deny them.

22.    Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 22 and therefore deny them.

23.    Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 23 and therefore deny them.

24.    Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 24 and therefore deny them.

25.    Defendants lack knowledge and information sufficient to form a belief as to the truthfulness of the matters alleged in paragraph 25 and therefore deny them.

26.    Defendants admit that MF acquired a T-Mobile debt that was purportedly owed by Juan Almaraz. Defendants admit that MF assigned this debt to MCM for purposes of collection. Except as specifically admitted, Defendants deny all remaining allegations in paragraph 26.

27.    Defendants admit that on or about December 23, 2013, a person placed a call to MCM and identified herself as the "wife" of Juan Almaraz. In that conversation, the "wife" said

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

3 of 7

1  that she would ask her husband to call MCM.  Except as specifically admitted, Defendants deny
2  all remaining allegations in paragraph 27.

3  28.  Defendants admit that on or about December 23, 2013, a person placed a call to
4  MCM and identified herself as the "wife" of Juan Almaraz.  In that conversation, the "wife" said
5  that she would ask her husband to call MCM.  There are no notations in MCM's files that Plaintiff
6  ever requested MCM cease calling.  Except as specifically admitted, Defendants deny all
7  remaining allegations in paragraph 28.

8  29.  Defendants admit that MCM placed additional calls in an attempt to contact Juan
9  Almaraz after December 23, 2013.  There are no notations in MCM's files that Plaintiff ever
10 requested that MCM cease calling. Except as specifically admitted, Defendants deny all remaining
11 allegations in paragraph 29.

12 30.  Answering paragraph 30, Defendants admit the quoted language appears at 15
13 U.S.C. § 1692d.

14 31.  Answering paragraph 31, the language of FDCPA speaks for itself.  Defendants
15 deny any mischaracterization of the same.

16 32.  Defendants lack knowledge and information sufficient to form a belief as to the
17 truthfulness of the matters alleged in paragraph 32 and therefore deny them.

18 33.  Defendants admit a representative(s) of MCM placed additional calls to Juan
19 Almaraz after December 23, 2013.  On two occasions, December 23, 2013, and January 15, 2014,
20 a representative of MCM spoke with someone who identified herself as the "wife" or "spouse" of
21 Juan Almaraz.  There are no notations in MCM's files that Plaintiff ever requested that MCM
22 cease calling.   Except as specifically admitted, Defendants deny all remaining allegations in
23 paragraph 33.

24 34.  Defendants deny the allegations contained in paragraph 34.
25 35.  Defendants deny the allegations contained in paragraph 35.
26 36.  Defendants deny the allegations contained in paragraph 36.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

4 of 7

37. Answering paragraph 37, Defendants incorporate by reference their responses to paragraphs 1 through 36.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Answering Plaintiff's Prayer for Relief, Defendants deny Plaintiff is entitled to any of the relief requested therein.

**Affirmative Defenses**

1. The allegations in the complaint fail to state a claim upon which relief may be granted.

2. To the extent that any violation of law occurred, which Defendants expressly deny, such violation was not intentional and resulted from bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

3. Plaintiff's claims are barred by the doctrine of unclean hands.

4. Defendants acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendants is determined to be unlawful, which Defendants expressly deny, such conduct is not willful and should not give rise to liability.

5. Plaintiff has failed to take reasonable steps to mitigate his damages, if any, and therefore is barred from recovering such damages from Defendants.

6. Defendants have, at all relevant times, acted in good faith with respect to Plaintiff in an effort to comply with all applicable laws.

7. Without admitting that any damages exist, if any damages were suffered by Plaintiff, they were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, should be apportioned among Defendants and other responsible parties.

8. Plaintiff's claims against Defendants are barred, in whole or in part, to the extent that any injury or loss sustained was caused by increasing or supervening events over which Defendants had or has no control.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

5 of 7

9. To the extent that Plaintiff has suffered any damages as a result of Defendants' acts or omissions, which Defendants deny, Defendants are entitled to equitable indemnity from other persons or entities causing or contributing to such damages, if any.

10. Plaintiff's claims, at least in part, are barred by the applicable statute of limitations.

11. To the extent the debt of Plaintiff's husband can be imputed to Plaintiff, the debt at issue is Plaintiff's debt as well.

WHEREFORE, Defendants request that the Court enter judgment in favor of Defendants and against Plaintiff on all of Plaintiff's claims, and that:

A. Plaintiff take nothing by way of his Complaint,

B. The Court award Defendants their reasonable attorney's fees and costs, and,

C. The Court award Defendants such other relief as it deems just and equitable.

Dated this ___ of March, 2015.

NAYLOR & BRASTER

By: DRAFT
John M. Naylor
Nevada Bar No. 5435
Jennifer L. Braster
Nevada Bar No. 9982
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145

Attorneys for Midland Funding, LLC
and Midland Credit Management, Inc.

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000

6 of 7

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of NAYLOR & BRASTER and that on this ___ day of March 2015, I caused the document **FIRST AMENDED ANSWER** to be served by the Court's CM/ECF System to the following:

Danny J. Horen, Esq.
Kazerouni Law Group, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117
danny@kazlg.com

*Attorney for Plaintiff*

                                         /s/ Jennifer L. Braster
                                         An Employee of NAYLOR & BRASTER

NAYLOR & BRASTER
ATTORNEYS AT LAW
1050 Indigo Drive, Suite 112
Las Vegas, NV 89145
(702) 420-7000